IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:18CV469-KDB-DSC

NEVONDAY D. SIMMONS,　　　)
　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　)　　**MEMORANDUM AND RECOMMENDATION**
　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　)
Commissioner of Social　　)
Security Administration,　)
　　　　Defendant.　　　　 )
_____)

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment Reversing the Commissioner's Final Decision…" (document #13) and Defendant's "Motion for Summary Judgment" (document #14) as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and the Commissioner's decision be <u>affirmed</u>.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on August 27, 2018. She assigns error to the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Administrative Law Judge's determination that she failed to meet Listing 12.05(B) (intellectual disorder). She also cites the ALJ's failure to discuss a check box form completed by Dr. Obinna Oriaku. See Plaintiff's "Memorandum ..." at 7 (document #13-1) and "Brief in Support of … Response …" at 3-4 (document #17-1). At Step Three, the ALJ found that Plaintiff did not meet the requirements of Listing 12.05(B). The ALJ then found that Plaintiff retained the Residual Functional Capacity[2] to perform light work[3] with the following limitations:

> [S]he needs a sit/stand option with the ability to change positions twice per hour. The claimant should do no climbing of ladders, ropes, or scaffolds, no crawling, and should avoid concentrated exposure to unprotected heights, vibrating tools, moving machinery, and other hazards. She could perform simple, routine, repetitive tasks of unskilled work in a low stress work environment, which is defined as no constant change in routine, no complex decisions [sic] making, and no crisis decision-making. The claimant could not perform any production rate work. She can have no interaction with the public, and occasional interaction with supervisors and co-workers. The claimant can stay on task for two hours at a time throughout the workday. Finally, she needs to use a cane for ambulation as long as she can carry 20 pounds in her free hand.

(Tr. 28-29). Plaintiff had no past relevant work.

Based upon a hypothetical that factored in the above limitations, a Vocational Expert testified that there were jobs in the national economy that Plaintiff could perform. (Tr. 35).

Accordingly, the ALJ found that Plaintiff was able to perform other work that existed in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. (Tr. 36).

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson,

3

483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes. Plaintiff argues that the ALJ erroneously determined that her impairments did not meet or medically equal the requirements of Listing 12.05(B). Even a "cursory explanation" at Step Three may prove "satisfactory so long as the decision as a whole demonstrates that the ALJ considered the relevant evidence of record and there is substantial evidence to support the conclusion." Odoms v. Colvin, 195 F. Supp. 3d 415, 421 (W.D.N.C. 2016) (citing Meador v. Colvin, No. 7:13-cv-214, 2015 WL 1477894, at *3 (W.D. Va. March 27, 2015) and Smith v. Astrue, 457 Fed. App'x 326, 328 (4th Cir. 2011)).

Listing 12.05(B) addresses intellectual disability. That Listing requires:

1. Significantly sub-average general intellectual functioning evidenced by a or b:
a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
**2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:**
**a. Understand, remember, or apply information (see 12.00E1); or**

---

[4] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

> **b. Interact with others (see 12.00E2); or**
> **c. Concentrate, persist, or maintain pace (see 12.00E3); or**
> **d. Adapt or manage oneself (see 12.00E4);** and
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. pt. 404, subpt. P app. 1 § 12.05B (emphasis added). Defendant concedes that Plaintiff met subparagraphs 1 and 3. "Defendant's Memorandum …" at 6 (document #15). The remaining issue is whether substantial evidence supports the ALJ's determination that Plaintiff did not meet subparagraph 2.

Subparagraph 2 of Listing 12.05B is met if an individual has extreme limitation in one or a marked limitation in two of the following functional domains (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and (d) adapting or managing oneself. 20 C.F.R. pt. 404, subpt. P app. 1 § 12.05B. Under the regulations, a limitation is "moderate" if the individual's ability to function independently, appropriately, effectively and on a sustained basis in that domain is "fair." 20 C.F.R. pt. 404, subpt. P app. 1 § 12.00F.2.c. A limitation is "marked" if such functioning is "seriously limited," id. at § 12.00F.2.d, and "extreme" if the individual cannot function in the domain at all, id. at § 12.00F.2.e. The ALJ found that Plaintiff had a moderate limitation in each of those domains and therefore did not meet the Listing. Plaintiff has not challenged the ALJ's finding that she had a moderate limitation interacting with others. Substantial evidence supports the ALJ's findings concerning the other three domains.

In determining that Plaintiff had a moderate limitation in understanding, remembering, or applying information, the ALJ acknowledged her testimony about memory loss and forgetfulness in her previous jobs (Tr. 57, 60, 67, 70), but noted that other evidence suggested a fair ability to

5

learn, recall, and use information to perform work activities. (Tr. 26). Plaintiff reported that she did not need reminders to take care of her personal needs or to take her medication; she completed a detailed function report about her day-to-day activities, experiences, and abilities; and she was able to recall details from her work history more than a decade earlier. (Tr. 26, 55-59, 517-24). The ALJ noted examinations reflecting intact short and long term memory (Tr. 30, 669). He also noted the opinion of psychiatric examiner Dr. Carla Duszlak who found that Plaintiff had only mild restriction in understanding, remembering, and carrying out simple instructions and could perform simple and repetitive tasks. (Tr. 33, 1052, 1058). State Agency non-examining psychological consultants Doctors Ken Wilson and Ben Williams opined that Plaintiff's ability to understand and remember very short and simple instructions was "not significantly limited." (Tr. 33, 399, 414).

In addressing concentration, persistence or maintaining pace, the ALJ noted Plaintiff's testimony and other relevant reports as well as her lack of focused attention at the hearing (Tr. 26–27, 1057). But the ALJ also noted that she was able to pass the written portion of her driver's examination, use public transportation, and handle her day-to-day finances, all tasks which require a degree of concentration and focus. (Tr. 26, Tr. 55, 520). The ALJ found that while Plaintiff's concentration on examination was sometimes poor, it was fair at other times. (Tr. 30, 662, 669). While Doctors Lorence and Duszlak found poor concentration and focus, (Tr. 662–64, 1057), they also indicated that Plaintiff might succeed in a work environment involving simple tasks and directions with a slow pace. (Tr. 31, 33, 664, 1058). Finally, the ALJ relied on the State Agency psychological consultants who specifically concluded that Plaintiff had only moderate difficulties with concentration, persistence or pace. (Tr. 28, 34, 376–77, 396, 412).

6

The ALJ found that Plaintiff had moderate limitation in the functional domain of adapting or managing herself. This relates to the ability to regulate emotions, control behavior, and maintain well-being in a work setting. 20 C.F.R. pt. 404, subpt. P app. 1 § 12.00E.4. The ALJ acknowledged some conflicting evidence relating to Plaintiff's personal care (Tr. 27). She presented as neat and well-groomed at various medical appointments (see, e.g., Tr. 674, 725, 729), yet reported spending most of her time in bed (Tr. 518). She reported problems with personal care, but attributed them to physical as opposed to mental issues. (Tr. 518, 520). She demonstrated the ability to do simple chores and prepare a simple meal (Tr. 780–81), but relied on a nurse to do housework. (Tr. 65, 518–19). The ALJ noted, however, that Plaintiff had not always received outside assistance and had raised her children as a single mother. (Tr. 31). The ALJ found this significant because there was no evidence of injury or illness that would have caused a steep decline in functioning after that time. Plaintiff also appeared and testified at the hearing without assistance. (Tr. 33).

The ALJ noted that the State agency consultants, who are "highly qualified and experts in Social Security disability evaluation," see 20 C.F.R. § 416.913a(b)(1), opined that Plaintiff did not meet or equal any Listing. (Tr. 28, 397, 412). The ALJ's evaluation of Listing 12.05(B) is supported by substantial evidence.

Plaintiff also contends that the ALJ erred by failing to discuss a check box form completed by her primary care physician, Dr. Obinna Oriaku, in October 2016. One of the boxes Dr. Oriaku checked indicated "permanently incapacitated and can never return to work." (Tr. 1003). Plaintiff characterizes this statement as a medical opinion that the ALJ was required to consider.

The regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms,

7

diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(1). Opinions on some issues, such as opinions that an individual is "disabled" or "unable to work," "are not medical opinions." Id. at 416.927(d). They are "instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case, i.e., that would direct the determination or decision of disability." Id.

This Court has repeatedly found that "check-box or fill-in-the-blank forms" are "weak evidence at best." King v. Berryhill, No. 3:18-CV-00001-RJC, 2019 WL 1317732, at *3 (W.D.N.C. Mar. 22, 2019) (citing Shannon v. Berryhill, No. 1:17-CV-00066, 2018 WL 1567368, at *4 (W.D.N.C. Mar. 30, 2018) and Michaels v. Colvin, No. 3:15-CV-388, 2016 WL 8710975, at *5 (W.D.N.C. Mar. 25, 2016), report and recommendation adopted, No. 3:15-CV-00388, 2016 WL 5478014 (W.D.N.C. Sept. 26, 2016), aff'd sub nom. Michaels v. Berryhill, 697 Fed. App'x. 223 (4th Cir. 2017)). Dr. Oriaku's form was unsupported by objective evidence or an explanation as to Plaintiff's specific level of functioning. The ALJ was not required to address it as a medical opinion.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted it is the ALJ's responsibility and not the Court's "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's evaluation of the record and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment Reversing the Commissioner's Final Decision… " (document #13) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #14) be **GRANTED**; and the Commissioner's decision be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO RECOMMENDED AND ORDERED**.

Signed: June 18, 2019

_____
David S. Cayer
United States Magistrate Judge