# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00469-KDB-DSC

| | |
|---|---|
| **NEVONDAY D. SIMMONS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **ANDREW M. SAUL**[1], ) | |
| **Commissioner of Social Security** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER** comes before the Court on the parties' cross Motions for Summary Judgment, (Doc. Nos. 13, 14); the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court uphold the decision of the Commissioner, (Doc. No. 18); Plaintiff's Objection to the M&R, (Doc. No. 21); Defendant's Response to Plaintiff's Objection, (Doc. No. 22); and the parties' briefs and exhibits in support. The motions are ripe for adjudication.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and

---

[1] Andrew M. Saul is now the Commissioner of Social Security and substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

### A. Review of the Magistrate Judge's M&R

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(l)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(l)(C); Fed. R. Civ. P. 72(b)(3); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.*

### B. Review of a Final ALJ Decision under the Social Security Act

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act (SSA). *See* 42 U.S.C. §§ 405(g) and 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the

Commissioner's decision (*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971)), and; (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Perales*, 402 U.S. at 401); *see also Seacrist v.Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence…. ").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome-so long as there is "substantial evidence" in the record

to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff makes an objection to the M&R that the Magistrate Judge ignores the ALJ's pattern of "cherry-picking" the evidence to support his findings of moderate limitations at Step 3. After conducting a de novo review of the M&R, Plaintiff's objection thereto, and the record, the Court agrees with the M&R's analysis.

Subparagraph 2 of Listing 12.05B is met if an individual has extreme limitation in one or a marked limitation in two of the following functional domains (a) understanding, remembering, or applying information; (b) interacting with others; (c) concentrating, persisting, or maintaining pace; and (d) adapting or managing oneself. 20 C.F.R. pt. 404, subpt. Papp. 1 § 12.05B. Under the regulations, a limitation is "moderate" if the individual's ability to function independently, appropriately, effectively and on a sustained basis in that domain is "fair." 20 C.F.R. pt. 404, subpt. Papp. 1 § 12.00F.2.c. A limitation is "marked" if such functioning is "seriously limited," *id*. at § 12.00F.2.d, and "extreme" if the individual cannot function in the domain at all, *id*. at § 12.00F.2.e. The ALJ found that Plaintiff had a moderate limitation in each of those domains and therefore did not meet the Listing. Plaintiff has not challenged the ALJ's finding that she had a moderate limitation interacting with others. Substantial evidence supports the ALJ's findings regarding the other three domains.

In determining that Plaintiff had a moderate limitation in understanding, remembering, or applying information, the ALJ acknowledged her testimony about memory loss and forgetfulness in her previous jobs (Tr. 57, 60, 67, 70)[2], but noted that other evidence suggested a fair ability to learn, recall, and use information to perform work activities. (Tr. 26). Plaintiff reported that she did not need reminders to take care of her personal needs or to take her medication; she completed a detailed function report about her day-to-day activities, experiences, and abilities; as well as recalled details from her work history more than a decade earlier. (Tr. 26, 55-59, 517-24). The ALJ noted examinations reflecting intact short and long-term memory. (Tr. 30, 669). He also noted the opinion of psychiatric examiner Dr. Carla Duszlak who found that Plaintiff had only mild restriction in understanding, remembering, and carrying out simple instructions and could perform simple and repetitive tasks. (Tr. 33, 1052, 1058). State Agency non-examining psychological consultants Doctors Ken Wilson and Ben Williams opined that Plaintiff's ability to understand and remember very short and simple instructions was "not significantly limited." (Tr. 33,399,414).

In addressing concentration, persistence or maintaining pace, the ALJ noted Plaintiff's testimony and other relevant reports as well as her lack of focused attention at the hearing (Tr. 26-27, 1057). But the ALJ also noted that she was able to pass the written portion of her driver's examination, use public transportation, and handle her day-to-day finances, all tasks which require a degree of concentration and focus. (Tr. 26, Tr. 55, 520). The ALJ found that while Plaintiff's concentration on examination was sometimes poor, it was fair at other times. (Tr. 30, 662, 669). Although Doctors

---

[2] Citations to the administrative record filed by the Commissioner are designated as "Tr."

Lorence and Duszlak found poor concentration and focus, (Tr. 662-64, 1057), they also indicated that Plaintiff might succeed in a work environment involving simple tasks and directions with a slow pace. (Tr. 31, 33, 664, 1058). Finally, the ALJ relied on the State Agency psychological consultants who specifically concluded that Plaintiff had only moderate difficulties with concentration, persistence or pace. (Tr. 28, 34, 376-77, 396,412).

The ALJ also found that Plaintiff had moderate limitation in the functional domain of adapting or managing herself. This relates to the ability to regulate emotions, control behavior, and maintain well-being in a work setting. 20 C.F.R. pt. 404, subpt. P app. 1 § 12.00E.4. The ALJ acknowledged some conflicting evidence relating to Plaintiff's personal care. (Tr. 27). She was neat and well-groomed at various medical appointments (see, e.g., Tr. 674, 725, 729), yet reported spending most of her time in bed. (Tr. 518). She reported problems with personal care but attributed that to physical as opposed to mental issues. (Tr. 518, 520). She demonstrated the ability to do simple chores and prepare a simple meal (Tr. 780-81) but relied on a nurse to do housework. (Tr. 65, 518-19). However, the ALJ noted that Plaintiff had not always received outside assistance and had raised her children as a single mother. (Tr. 31). The ALJ found this significant because there was no evidence of injury or illness that would have caused a steep decline in functioning after that time. Plaintiff also appeared and testified at the hearing without assistance. (Tr. 33).

The ALJ noted that the State agency consultants, who are "highly qualified and experts in Social Security disability evaluation," *see* 20 C.F.R. § 416.913a(b)(l), opined that Plaintiff did not meet or equal any Listing. (Tr. 28, 397, 412). The ALJ's evaluation of Listing 12.05(B) is supported by substantial evidence. There is substantial evidence to support the ALJ's evaluation of the record and his determination that the Plaintiff was not disabled.

## IV.   CONCLUSION

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The decision of the ALJ therefore, is hereby **AFFIRMED**, Plaintiff's Motion for Summary Judgment is **DENIED,** and Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

Signed: November 21, 2019

Kenneth D. Bell
United States District Judge